IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-02001-ZLW

LAWRENCE M. JIRON,
Petitioner,

v.

THE STATE OF COLORADO,
ATTORNEY GENERAL JOHN W. SUTHERS, and
D.O.C. DIRECTOR ARISTEDES ZAVARAS,
Respondents.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JAN 22 2009

GREGORY C. LANGHAM
CLERK

ORDER DENYING MOTION TO RECONSIDER

Petitioner Lawrence M. Jiron has filed *pro se* on January 5, 2009, a "Motion to Reconsider" in which he asks the Court to reconsider and vacate the Court's Order of Dismissal and the Judgment filed in this action on October 29, 2008. Mr. Jiron also has filed on January 5, 2009, a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 in a Habeas Corpus Action and an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254.

The Court must construe the documents liberally because Mr. Jiron is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). For the reasons stated below, the "Motion to Reconsider" will be denied. The Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 in a Habeas Corpus Action will be denied as moot and the Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 will not be considered.

A litigant subject to an adverse judgment, and who seeks reconsideration by the district court of that adverse judgment, may "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)." **Van Skiver v. United States**, 952 F.2d 1241, 1243 (10th Cir. 1991). A motion to reconsider filed more than ten days after the final judgment in an action should be considered pursuant to Rule 60(b). **See id.** at 1243. Mr. Jiron's "Motion to Reconsider," which was filed more than ten days after the Court's Judgment was entered in this action, will be considered pursuant to Fed. R. Civ. P. 60(b). Relief under Rule 60(b) is appropriate only in extraordinary circumstances. **See Massengale v. Oklahoma Bd. of Examiners in Optometry**, 30 F.3d 1325, 1330 (10th Cir. 1994).

The Court dismissed this action because Mr. Jiron failed to cure certain deficiencies. In an order filed on September 17, 2008, Magistrate Judge Boyd N. Boland ordered Mr. Jiron to file an application for a writ of habeas corpus and either to pay the filing fee or to file a motion seeking leave to proceed *in forma pauperis* if he wished to pursue his claims. Mr. Jiron failed to respond to Magistrate Judge Boland's September 17 order and, as noted above, the Court dismissed the action in an order filed on October 29, 2008.

Mr. Jiron asserts in the "Motion to Reconsider" that he currently is in segregation, that he has been in segregation, and that he was unable to answer the Court. He apparently contends that he was unable to answer the Court because of his placement in segregation. Mr. Jiron also asserts that prison officials stole his documents and only

recently returned the stolen documents to him. Based on these assertions, Mr. Jiron asks the Court either to vacate the order dismissing this action or to commence a new civil action.

Upon consideration of the "Motion to Reconsider" and the entire file, the Court finds that Mr. Jiron fails to demonstrate the existence of any extraordinary circumstances that would justify a decision to reconsider and vacate the order dismissing this action. Mr. Jiron's contention that he was unable to answer the Court, apparently because he was in segregation, does not demonstrate that he was unable to communicate with the Court during the time allowed to cure the deficiencies in this action. It is apparent that Mr. Jiron's placement in segregation has not prevented him from filing the instant "Motion to Reconsider." Therefore, even assuming Mr. Jiron was unable to cure the deficiencies within the time allowed because he lacked the necessary documents, Mr. Jiron fails to explain why he did not seek an extension of time in order to comply with the order to cure the deficiencies. Mr. Jiron's belated efforts to cure the deficiencies does not alter the Court's conclusion.

For these reasons, the motion to reconsider will be denied. However, Mr. Jiron is reminded that the Court dismissed the instant action without prejudice. If Mr. Jiron wishes to pursue his claims, he may do so by filing a new action. Accordingly, it is

ORDERED that the "Motion to Reconsider" filed on January 5, 2009, is denied. It is

FURTHER ORDERED that the Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 in a Habeas Corpus Action filed on January 5, 2009, is denied as moot.

DATED at Denver, Colorado, this 21 day of Jan., 2009.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 08-cv-02001-ZLW

Lawrence M. Jiron
Prisoner No. 116040
Bent County Correctional Facility
11560 Road FF.75
Las Animas, CO 81054-9573

I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on 1/22/09.

GREGORY C. LANGHAM, CLERK

By: _____
Deputy Clerk